# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| | *   Crim. No.:   PJM 12-0150 |
| MICHAEL ABOBOR | * |
| Defendant | * |

## MEMORANDUM OPINION

Defendant Michael Abobor, pursuant to 18 U.S.C. § 3143(a), asks the Court to reinstate his prior conditions of release pending sentencing [Paper No. 88]. After reviewing the Motion and the Government's Opposition, the Court will **DENY** the Motion.

### I.

Abobor was charged with seven counts of Wire Fraud, in violation of 18 U.S.C. § 1343, in a Superseding Indictment filed on June 4, 2012. At that time, he was on pretrial release, restricted to his residence with limited exceptions. On February 12, 2013, the morning set for jury selection in his trial, Abobor pled guilty to Counts 1 and 6 of the Superseding Indictment. A sentencing hearing was scheduled for April 18, 2013. On March 27, 2013, Abobor fired his attorney Robert Bonsib, Esquire, and retained a new attorney, David Benowitz, Esquire. One week later the Government filed a Motion to Postpone Sentencing and to Vacate the Sentencing Order because Abobor's "new counsel . . . contacted the government, requesting a postponement of the sentencing." The Government "stated that it had no objection to one postponement of the sentencing, but that it would not agree to any additional postponements." The Motion was granted on April 3, and Abobor's sentencing hearing was re-set for August 23, 2013.

On July 19, 2013, about a month before his re-scheduled sentencing hearing, Attorney Benowitz filed a Motion to Withdraw as Counsel, citing an "unwaivable conflict." The Government opposed the Motion, and the Court denied it. On August 8, 2013, the Government filed its sentencing memorandum. The very next day, Abobor filed a *pro se* letter requesting that the sentencing hearing be postponed so that he could retain new counsel. The Government opposed the request, and the Court rejected both Abobor's *pro se* request to continue and a second Motion by Attorney Benowitz to withdraw as counsel. On August 20, 2013 Attorney Benowitz filed a comprehensive sentencing memorandum, including letters in support, on Abobor's behalf.

On August 23, 2013, the parties appeared before the Court for the scheduled sentencing. At that time, Abobor reiterated his request for new counsel and for a delay in sentencing. Attorney Benowitz again moved to withdraw as counsel upon hearing Abobor's allegations that he had not been adequately represented. After a lengthy inquiry at the bench, the Court granted Benowitz's oral request to withdraw, but requested he send the Court a list of dates on which he or his firm had telephone or personal contact with Abobor, and directed Abobor to promptly retain new counsel. The Court continued his sentencing to November 22, 2013. The Court at that time revoked Abobor's bail and remanded him to custody.

On August 28, 2013, David Lease, Esquire, entered his appearance on Abobor's behalf. The present Motion was filed on the same day. The Government has opposed the Motion.

**II.**

Under 18 U.S.C. § 3143(a), "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition . . . of a sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to

flee or pose a danger to the safety of any other person or the community if released . . . ." The burden of proof in that circumstance is upon the Defendant. *United States v. Khanu*, 675 F. Supp. 2d 69, 70 (D.D.C. 2009), *aff'd* 370 Fed. Appx 121 (D.C. Cir. 2010).

**III.**

Abobor argues that he should be released from custody pending sentencing because his efforts to continue sentencing and obtain new counsel were reasonable, and these were the only factors that changed on August 23, 2013. The Government notes, however, that Abobor has engaged in transparent last-minute efforts to delay sentencing. It also invites the Court's attention to the Pre-Sentence Report, which reveals that Abobor has multiple present and "anticipated" assets and properties in Ghana, most of which are maintained in the names of others, and that his admitted criminal conduct evidences a clear economic danger to the community.

The fact is that Abobor faces a substantial term of imprisonment, a reality that he does not seem to comprehend. The two counts of Wire Fraud to which he has pled guilty each carry a maximum term of imprisonment of 30 years. The guideline range for each count is 46 to 57 months. At his August 23 sentencing hearing, Abobor's statements to the Court suggested that he does not understand, let alone accept, this simple reality. Despite claiming that he has taken responsibility for his actions, at the same time he has continued to suggest that he has done nothing wrong, and further indicated that he might seek to withdraw his guilty plea.

The Court is concerned that Abobor is simply playing for time. He has twice sought to discharge his attorneys on the eve of sentencing. Based on the submission by Attorney Benowitz, between March 14, 2013 and August 22, 2013, Abobor's contacts with him or his law firm consisted of some five meetings and multiple emails and telephone calls, the latter

sometimes several times in the same day. Abobor's suggestion to the Court that his counsel was not "available" to communicate with him, therefore, is hardly persuasive. All things considered, the Court disagrees with Abobor that his request to continue sentencing has been for valid reasons. To be sure, the Court has permitted him to retain new counsel and has continued his sentencing by three months, but it rejects his efforts to obtain three more months at large.

The Court cannot find by clear and convincing evidence that Abobor is entitled to release according to the terms of 18 U.S.C. § 3143(a).

**IV.**

For the foregoing reasons, Defendant's Motion for Reinstatement of Release Pending Sentencing [Paper No. 88] is **DENIED**. A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 10, 2013**